**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **JEREMY X. RACHAL** | **CIVIL ACTION NO. 26-403-P** |
| **VERSUS** | **JUDGE VAN HOOK** |
| **LA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

Jeremy X. Rachal ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against the LA Department of Public Safety & Corrections, Gary Westcott, Seth Smith, Michele Dauzat, Brena Acklin, James Arnold, James Burgos, Ryan Kimble, Roderick Malcom, Dakota Nalitt, Vincent Coleman, Terrance Haulcy, Jocelyn Bradford, Matthew Elmore, Nathaniel Gillentine, Michael Corley, Lt. Reed, John Stanly, Kristen Harper, Danny Henshaw, Sarah Nalitt, Daniel Crook, and Angela Fussell. He alleges he was subjected to excessive force, retaliated against for exercising his First Amendment right of access to the courts, denied medical and mental health treatment, and subjected to unconstitutional conditions of confinement and indefinite isolation.

Plaintiff filed a motion for temporary restraining order and a motion for preliminary injunction (Doc. 2). He asks that the court grant a temporary restraining order and preliminary injunction to immediately prevent the Defendants' ongoing and unconstitutional practices of excessive force, retaliation, denial of access to the courts and

grievance procedure, denial of medical and mental health care, and indefinite and prolonged isolation in solitary/segregation confinement.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The allegations in this motion do not present a substantial likelihood of success on the merits at this time. They are the same or similar to the allegations in his complaint. This court has ordered Plaintiff to file an amended complaint to give specific details regarding his allegations.

Accordingly;

**IT IS RECOMMENDED** that the motion for temporary restraining and motion for preliminary injunction (Doc. 2) be **DENIED.**

**OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 18th day of August, 2026.

Mark L. Hornsby
U.S. Magistrate Judge